IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | | | |
|---|---|---|---|---|
| | | § | Case: | 1920140 |
| | | § | | |
| IN RE: TOSHA YVETTE MOORE | xxx-xx-9306 | § | Chapter 13 | |
| | | § | | |
| 701 N CASS ST | | § | | |
| JEFFERSON, TX 75657 | | § | | |

Debtors

### TRUSTEE'S CONFIRMATION REPORT, WITNESS & EXHIBIT LIST [1]
(Hereinafter referred to as "Trustee's Confirmation Report")

ATTORNEY FOR DEBTOR:[2] LEE LAW FIRM, PLLC
CHAPTER 13 TRUSTEE: Lloyd Kraus
\_\_\_ Over Median Income Debtor.
 x  Trustee certifies this is a case involving a Debtor engaged in business.
Prior Denials (or Continuances that counted as a Denial): 12/19/2019
Objections to Confirmation by Third Parties: North East Texas Credit Union

**I. Budget Information**
    A. Monthly Income     $5,664.84
    B. Monthly Expenses     $3,299.00
    C. Difference     $2,365.84
    D. Date Budget Filed     10/7/2019

**II. Meeting of Creditors**
    Concluded?: yes

**III. Summary of Plan**
    A. Date Plan Filed: 1/21/2020
    B. Due Date for first payment: 10/19/2019
    C. Monthly payment amounts to be paid under the Plan:

| Monthly Payment Amounts | Number of Monthly Payments | Total to be Paid |
|---|---|---|
| | | $0.00 |
| $800.00 | 4 | $3,200.00 |
| $1,000.00 | 8 | $8,000.00 |
| $2,600.00 | 48 | $124,800.00 |

    D. Calculation of Estimated Net Amount Available to Creditors:
         $136,000.00

[1] For Chapter 13 Plans filed on or after 12/1/2017 using the Court's New Form Plan 3015-a.
[2] The use of the singular term "Debtor" in this Trustee's Confirmation Report includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

| | |
|---|---|
| **Minimum Plan Base (sum of plan payments)*:** | $136,000.00 |
| **Trustee Fees (10% of Minimum Plan Base):** | $13,600.00 |
| **Net Amount Available to Creditors:** | $122,400.00 |

\* This amount to increase by applicable portion of tax refunds and non-exempt portion of lawsuit recovery, if any, to be added to plan base during the pendency of this bankruptcy.

    E. Disbursements to be made by Trustee pursuant to following Schedules.

### Schedule A (Section 3.2 of Plan)
**Trustee to Cure Defaults (Arrears) and Debtor to Maintain Direct Payment Obligations**

| Claimant | Collateral Description | Projected Cure Claim Amount | Plan Interest Rate | Projected Monthly Payment | Projected Total Paid |
|---|---|---|---|---|---|
| | | | | | |

### Schedule B (Section 3.3 of Plan)
**Trustee to Pay Secured Claims Protected from Section 506 Bifurcation**
**(Non-cram down "910 Claims")**

| Claimant | Collateral Description | 910 Claim Amount | Plan Interest Rate | Equal Monthly Payment | Projected Total Paid |
|---|---|---|---|---|---|
| PEOPLEFUND | 2012 NISSAN SENTRA, 701 N CASS ST, JEFFERSON, TX | 40565.82 | 0 | 0 | 50565.82 |
| FREEDOM TRUCK FINANCE, LLC | 2012 FREIGHTLINER LIGHT DUTY | 39330.96 | 5.5 | 0 | 45567.59 |
| | | | | | |

### Schedule C (Section 3.4 of Plan)
**Trustee to Pay Secured Claims Subject to section 506 Bifurcation**
**("506 Claims" subject to cram down)**

| Claimant | Collateral Description | 506 Claim Amount to Be Paid | Plan Interest Rate | Equal Monthly Payment | Projected Total Paid |
|---|---|---|---|---|---|
| NORTH EAST TEXAS CREDIT UNION | Mortgage | $27,755.12 | 0.00% | $0.00 | $27,755.12 |

### Schedule D (Section 3.9 of Plan)
**Debtor's Lien Avoidance**

| Claimant/Collateral Description | Fully Avoided (Yes/No) | If No, Remaining 506 Amount to be Paid by Trustee | Plan Interest Rate | Estimated Monthly Payment by Trustee | Projected Total Paid |
|---|---|---|---|---|---|
| | | | | | |

### Schedule E (Section 4.3 of Plan)
**Trustee shall pay allowed balance of Attorney's Fees**

| Attorney | Total Fees | Down Payment | Allowed Balance |
|---|---|---|---|
| LEE LAW FIRM, PLLC | $4,000.00 | $395.00 | $3,605.00 |

Attorney has elected the "No Look" fee as set forth in LBR 2016(h)(1) unless otherwise indicated:
____ Fee Application.

### Schedule F (Priority Claims)
**Section 4.4 and 4.5 of Plan: Trustee shall pay Domestic Support Obligations (DSO)**

| DSO Claimant | Projected Claim Amount | Projected Monthly Payment by Trustee | Estimated Total |
|---|---|---|---|
| | | | |

**Section 4.6 of Plan: Trustee shall pay Taxes and Other Priority Claims**

| Priority Claimant | Projected Claim Amount | Projected Monthly Payment by Trustee | Estimated Total |
|---|---|---|---|
| INTERNAL REVENUE SERVICE | $2,237.77 | $0.00 | $2,237.77 |
| | | | |

### Schedule G (Section 5.1 of Plan)
**Treatment of Special Class Nonpriority Unsecured Claims**
If allowed, the Trustee shall pay the nonpriority claims listed below as specially classified as follows. If disallowed, the Claimant will be paid pursuant to Section 5.2 of the Plan.

| Unsecured Claimant/Reason for Special Class | Projected Claim Amount | Estimated Total |
|---|---|---|
| | | |

F. Calculation of Projected Net Amount Available to the Unsecured Creditors:

| | |
|---|---|
| Net Amount Available to Creditors [Paragraph III(D) above] | $122,400.00 |
| Sum of Disbursements to be made by Trustee pursuant to Schedules A, B, C, D, E, F, and G from Paragraph III(E) above | $129,731.30 |

| | |
|---|---|
| **Projected Net Amount Available to the Unsecured Creditors** | -$7,331.30 |
| **Total Unsecured Claims (less priority) as scheduled by Debtor in Debtor's Schedules E/F as filed herein** | $84,622.78 |
| **Projected Percentage Dividend to the Unsecured Creditors** | -9% |

G.  Required Means Test Dividend:

| | |
|---|---|
| **Line 45 of Debtor's Means Test** | $0.00 |
| **Required Dividend to the Unsecured Creditors per Debtor's Means Test (Line 45 x 60 Months)** | |

H.  All allowed nonpriority unsecured claims shall be paid by the Trustee as follows (Per Section 5.2 of the Plan):

| | |
|---|---|
| | 100 % plus interest at __% |
| | 100 % plus interest at __% with no future modifications to treatment under this section |
| x | Pro Rata Share of all funds remaining after payment of all secured, priority, and specially classified unsecured claims |

I.  Miscellaneous "Other" Provisions Contained in Plan:

**Schedule A (Section 3.5 of Plan)**
**Debtor shall pay Direct Payments of Secured Claims Not in Default**

| Claimant | Collateral Description |
|---|---|
| **RODNEY KEITH NELSON** | **HWY 49, JEFFERSON, TX** |
| **FIVE STAR AUTO (3rd party)** | **2008 TOYOTA** |
| | |

**Schedule B (Section 3.6 of Plan)**
**Debtor shall Surrender Property**

| Claimant | Collateral Description |
|---|---|
| | |

**Schedule C (Section 6.1 of Plan)**
**Debtor's assume these Executory Contracts and Unexpired Leases; Reject all other unlisted Executory Contracts and Unexpired Leases**

| Claimant | Collateral Description |
|---|---|
| | |

**Schedule D (Part 8 of Plan)**
**Inclusion of Nonstandard Plan Provisions**

**IV. Trustee makes the following Recommendation Concerning the Proposed Plan:**

| | |
|---|---|
| | **A.**  Applicable to all cases:  (1)  plan payments must be current at the time of the scheduled confirmation hearing; (2)  all agreements with creditors must be "called" for Court approval of same pursuant to LBR 3015(f); and (3) all such creditor agreements must be incorporated into the form Confirmation Order (letter agreements are no longer to be attached to the Confirmation Order) with the creditor's acceptance of the agreement being evidenced by the creditor's signature on the Confirmation Order.<br>**B.**  Subject to Paragraph A, the Plan should be confirmed. |

**OR**

| | |
|---|---|
| x | **C.  Subject to Paragraph A, Trustee makes the following objections to the Plan:** |
| | **a. Debtor's Failure to Prosecute Case** |
| | 1. Debtor has failed to make monthly Chapter 13 plan payments or has a poor history of making monthly plan payments pursuant to 11 USC 1326(a)(1) and/or has failed to dedicate all disposable income by Debtor's failure to make Chapter 13 plan payments during the initial months of the Plan. |
| x | 2. Debtor has failed to file with the Court proper certification that all post-petition payments (mortgage, DSO, auto payments, etc.) are being made direct by the Debtor as provided for in the proposed Plan. |
| | 3. Debtor's filing of the Petition was not in good faith pursuant to 11 USC 1325(a)(7) and/or Debtor has not proposed Plan in good faith or by any means forbidden by law pursuant to 11 USC 1325(a)(3). |

**b. Plan Deficiency**

4. Debtor has failed to file a plan or use the proper form Plan pursuant to LBR 3015(a) or provide sufficient notice of said Plan per LBR 3015(f) in order to be considered for upcoming confirmation hearing.

__x__ 5. Plan fails to provide adequate protection payments to one or more claims secured by personal property. **Peoplefund.**

6. Plan proposes Debtor make direct Plan payments to Trustee without Trustee's permission.

7. Attorney's fees require Court approval in that the requested amount exceeds that amount as set forth in LBR 2016(h).

__x__ 8. Plan appears to be underfunded.

9. Plan prefers specific unsecured claims which violates 11 USC 1322(a)(3) and 1322(b)(1) by discriminating against other unsecured creditors.

__x__ 10. Plan proposes direct payment on personal property without sufficient justification. **Per 341 testimony, direct pay vehicle is paid by debtor, not third party.**

**c. 341(a) Meeting and Documents**

11. Trustee has been unable to conduct and/or conclude a Meeting of Creditors per 11 USC 341:
___ Debtor failed to appear.
___ Debtor appeared but meeting was not held or concluded for following reason(s):

___ Debtor failed to provide to Trustee requested documents with sufficient time to review prior to scheduled meeting.
___ Debtor failed to provide copies of all payment advices or other evidence of payment by the Debtor in the 60 days prior to the filing of the Petition per LBR 1007(e).
___ Debtor failed to provide copy of the Federal Income Tax Return as required under applicable nonbankruptcy law for the most recent tax year ending immediately before the commencement of the case for which a federal income tax return was filed pursuant to 11 USC 521(3)(2)(A)(i).

__x__ 12. Trustee has requested amendments, documents, information, and/or verification as outlined in the Trustee's Report on 341 Creditors' Meeting filed with the Court. To the extent said amendments, documents, information, and/or verifications have not been timely provided, the Trustee alleges that such constitutes a breach of the Debtor's duties as set forth in 11 USC 521. **Need proof of interest and dividend income; 2016/2017 Tax Return; Bnk Stmts**

__x__ 13. Debtor has failed to file monthly operating reports as required by LBR 2015(a). **6 months prior to petition and post-petition.**

**d. Budgetary Issues**

__x__ 14. Debtor has insufficient disposable income to fund the proposed modifications for the following reason(s):
__x__ Per Budget **Months 13 through 60.**
___ Unemployment income and/or other income as listed on Schedule I will or has ended.
___ Lump sum payment is speculative.
__x__ Other: **Majority of Debtor's income "anticipated".**

__x__ 15. Debtor has failed to dedicate all of Debtor's projected disposable income to be received in the applicable commitment period for the following reason(s):

__x__ Per budget **remove charitable contributions - debtor testified no longer donating. Per budget discretionary income $2,365, plan payment $2,000. $800 for four months, then $1,000 for 8 months.**
___ Term of plan is less than the Applicable Commitment Period and such fails to provide for payment in full of all of the unsecured creditors, including interest.
___ Failed to dedicate income from new job and/or other sources that are not otherwise disclosed.
__x__ Provides for the payment of the following items that are not otherwise necessary for the effective reorganization of the Debtor: **land at Hwy 49 in Jefferson.**
___ Excessive expenses:

    Plan fails to step-up Plan payment when the following direct payment obligation(s) : conclude:

    Other:

### e. Requred Dividend to Unsecured Creditors

16. Debtor has failed to file and/or accurately complete Form 22C (Statement of Current Monthly Income and Calculation of Commitment Period as follows:

17. Plan fails to provide for the payment of the minimum dividend to the unsecured creditors pursuant to Form 22C (Statement of Current Monthly Income and Calculation of Commitment Period and disposable Income).

18. Plan does not meet the Best Interests of Creditors Test as set forth in 11 USC 1325(a)(4) as Plan fails to provide a dividend to the unsecured creditors in a sufficient amount to equal Debtor's equity interest in non-exempt real and/or personal property.

### f. Required Plan Notice and Miscellaneous Objeections

19. IF DEBTOR INTENDS TO SET VALUE AT CONFIRMATION OF COLLATERAL SECURING 506 CLAIMS: Evidentiary hearing is required under Section 3.10 [applicable if Debtor intends to set value of the collateral where Debtor must demonstrate (1) service of Plan on affected Claimant; (2) credible, objective basis for the Debtor's opinion on value; and (3) an entitlement to the relief sought by a preponderance of the evidence presented].
    Debtor failed to check box for "Included" in Paragraph 1.1 of the Plan.

20. IF DEBTOR INTENDS TO AVOID LIEN UNDER SECTION 3.9 OF PLAN: Evidentiary hearing is required under Section 3.9 [applicable if Debtor intends to avoid lien where Debtor must demonstrate (1) service of Plan on affected Claimant; and (2) an entitlement to the relief sought, including the claims of exemptions relied upon by the Debtor has, in fact, been sustained].
    Debtor failed to check box for "Included" in Paragraph 1.2 of the Plan.

21. IF DEBTOR INTENDS TO SEEK LIEN REMOVAL BASED UPON UNSECURED STATUS UNDER SECTION 3.11 OF PLAN: Evidentiary hearing is required under Section 3.11 [applicable if Debtor intends to seek lien removal based upon unsecured status where Debtor must demonstrate (service of Plan on affected Claimant; credible, objective basis for the Debtor's opinion regarding asset values; and (3) an entitlement to the relief sought by a preponderance of the evidence presented].
    Debtor failed to check box for "Included" in Paragraph 1.2 of the Plan.

22. IF DEBTOR INCLUDES NON-STANDARD PLAN PROVISIONS IN PART 8 OF THE PLAN, Trustee objects to these Non-Standard Plan Provisions on the following ground(s):

23. Other: **Must provide fixed monthly payments to secured creditors, no pro-rata payments. Plan fails to provide *Till* interest rate to Peoplefund in section 3.4 and North East Texas Credit Union in section 3.3. Plan contradictory in that it states home will be addressed in section 3.1 and 3.4.**

    **x**

V. **The Trustee reserves the right to call as a witness any or all of the following listed persons in relation to confirmation of the Plan:**
    A. Chapter 13 Trustee
    B. Staff Attorney
    C. The presiding officer of the meeting of creditors
    D. Any other employee as custodian of any records of the Trusteeship
    E. Debtor
    F. Any witness designated by any other party

VI. **The Trustee reserves the right to introduce into evidence any or all of the following in relation to confirmation of the Plan:**

A. Copy of the Trustee's Confirmation Report, Witness and Exhibit List.
B. Copies of any plan, schedules or other pleadings (originals and amended) as filed herein by the Debtor or any other party.
C. Copies of any proof of claim as filed by any creditor or other party.
D. Copies of any records of the Trustee kept in the regular course of business of the Trusteeship, including computer printouts of plan payments received and disbursements
E. If Debtor is self-employed, the Debtor's monthly operating reports/profit and loss statements provided to the Trustee and/or filed with the Court.
F. Copies of the Debtors' prior years' tax returns as provided to the Trustee.
G. Copies of any other documents produced by the Debtor at the Creditors' Meeting (or as subsequently produced as requested at the Creditors' Meeting).
H. Copies of any plan, schedules, pleadings, proof of claim(s), or amendments thereto filed in any prior bankruptcy cases previously filed by the Debtor as well as any other documentation produced by the Debtor in the prosecution of said prior bankruptcy cases.
I. Copies of any other exhibits designated by any other party.

Copies of these designated Exhibits will be provided by the Trustee upon request

Respectfully submitted,

Lloyd Kraus
Chapter 13 Trustee

/S/Lloyd Kraus
Lloyd Kraus, SBN 24066773

110 N. College Ave. Suite 1200
Tyler, TX 75702
(903) 593-7777, Fax (903) 597-1313

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served upon the following parties in interest by mailing a copy of same to them via first class mail or electronically on: 2/26/2020 .

IN RE:  TOSHA YVETTE MOORE
701 N CASS ST
JEFFERSON, TX 75657

LEE LAW FIRM, PLLC
8701 BEDFORD EULESS RD., SUITE 510
HURST, TX 76053

/S/Lloyd Kraus
Lloyd Kraus, Trustee