IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **TOSHA YVETTE MOORE** | § | Case No. 19-20140 |
| xxx-xx-9306 | § | |
| 701 N. Cass St., Jefferson, TX 75657 | § | |
| | § | |
| Debtor | § | Chapter 13 |

**ORDER DENYING DEBTOR'S MOTION
ALTER OR AMEND ORDER DISMISSING
CHAPTER 13 CASE WITH PREJUDICE**

ON THIS DATE the Court has considered the Motion to Amend Order Denying Confirmation of Chapter 13 Plan and [to Dismiss] Chapter 13 Case Without Prejudice (the "Motion") filed by the Debtor, Tosha Y. Moore (the "Debtor"), on June 4, 2020, in the above-referenced case. No objection has been filed to the Motion after proper notice. Notwithstanding the lack of objection, the Court has entertained a review of the circumstances undergirding the Motion. The Court finds that the argument and authorities of the Debtor are adequately presented in the pleadings and that the Court's decision regarding the Motion would not be significantly aided by oral argument.

The Debtor seeks to alter the long-standing practice of this Court to dismiss cases with prejudice to re-filing for a stated period when a debtor fails to confirm a Chapter 13 plan after two opportunities. The Debtor advocates for this due to the existence and impact of the Covid-19 pandemic. Though the pandemic is certainly a catastrophic event, the alleged impacts upon the Debtor were never presented to the Court until they were

contained in the Debtor's Motion to Alter.

The Debtor's initial plan denial occurred in December 2019, before there was any virus impact. Upon the Debtor's second confirmation attempt in March 2020 , in consideration of the Debtor's proposed amended plan, the Debtor's attorney attended that hearing and, in asking the Court for a variation from the usual dismissal rule upon a second plan denial, there was absolutely no mention of any pandemic impact. The Debtor's counsel instead asked for a second plan denial and an extension of the dismissal deadline primarily in order to accomplish the Debtor's decision to surrender her homestead. The Court granted that request, granted the Debtor a second denial, and revised the dismissal deadline in the case to provide the Debtor with a (rather unusual) third opportunity to confirm her plan. However, when the third confirmation hearing was called on May 28, 2020, neither the Debtor nor her counsel appeared at the hearing. In lieu thereof, the Chapter 13 Trustee announced that, notwithstanding the third confirmation opportunity that she had been given, the Debtor had acknowledged that she was unable to confirm her amended Chapter 13 plan and that the entry of a final denial order was appropriate. In light of the dismissal deadline which had been revised and extended at the Debtor's request, the entry of the final denial resulted in the dismissal of the case with prejudice. At no time during these months in which the Debtor received the protections of the Court while not achieving plan confirmation did the Debtor seek to dismiss her case voluntarily or otherwise take any other course of action other than to enjoy the protections of the Court for 8½ months without providing any corresponding

benefit to creditors. Because the Debtor has failed to present sufficient grounds for the reconsideration requested, the Court finds that just cause exists for entry of the following order.

**IT IS THEREFORE ORDERED** that the Motion to Amend Order Denying Confirmation of Chapter 13 Plan and [to Dismiss] Chapter 13 Case Without Prejudice filed by the Debtor, Tosha Y. Moore, on June 4, 2020, is **DENIED.**

Signed on 06/30/2020

_____
THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE